# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00295-CV

**Plaza Motors, Inc., Appellant**

**v.**

**Andrew Bergstrom, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-07-003035, HONORABLE GISELA TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed a default judgment against appellant Plaza Motors, Inc. on October 24, 2007. Plaza Motors filed a timely motion for new trial and special appearance on November 21, 2007,[1] but did not file its notice of appeal until May 5, 2008. Appellee Andrew Bergstrom filed a motion to dismiss the appeal for want of jurisdiction, and on June 6, we requested a response from Plaza Motors by June 16. To date, Plaza Motors has not responded to our request.

A party who files a timely motion for new trial must file its notice of appeal within ninety days of the day the trial court signs the judgment or order from which the appeal is taken. Tex. R. App. P. 26.1(a)(1). A party may file a notice of restricted appeal within six months of the

---

[1] On June 2, 2008, the trial court clerk's office sent this Court a letter stating that it had not received payment for the clerk's record and that upon payment, it would file the record within approximately twenty days. To date, a clerk's record has not been filed. From the filings before us, it appears that the trial court did not act on the motion for new trial, which therefore would have been overruled as a matter of law on January 7, 2008. *See* Tex. R. Civ. P. 329b(c) (motion for new trial overruled as matter of law if not decided within seventy-five days of judgment's signing).

signing of the appealable judgment or order if it did not participate in the hearing that resulted in the order or judgment and "did not timely file a postjudgment motion." Tex. R. App. P. 26.1(c), 30. Because Plaza Motor filed a timely motion for new trial, it may not pursue a restricted appeal. *See* Tex. R. App. P. 30. Its notice of appeal was therefore due no later than February 6, 2008 (ninety days after date default judgment was signed, plus fifteen days for implied motion for extension of time). *See* Tex. R. App. P. 26.1(a), 26.3. Thus, Plaza Motor's notice of appeal, filed May 5, 2008, was late, and we are without jurisdiction to consider the appeal. We grant Bergstrom's motion to dismiss for want of jurisdiction.

In his motion to dismiss, Bergstrom explained that the default judgment awarded him $10,000 in conditional fees in the event that Plaza Motors filed an unsuccessful appeal but that he had only incurred $1,500 in fees. He attached his attorney's affidavit explaining the fees incurred and asked that we modify the trial court's default judgment to award $1,500 instead of the full $10,000. However, because we lack jurisdiction over the appeal, we are without authority to modify the trial court's judgment and only have the power to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). We therefore must deny that portion of Bergstrom's motion.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: August 7, 2008